# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JENNIFER STANSBURY KOENIG,<br>　　Plaintiff, | Case No. 1:18-cv-792<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| UNIVERSITY OF CINCINNATI, et al.,<br>　　Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff initiated this action against defendants University of Cincinnati ("UC") and Jacinda K. Dariotis under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* in November 2018. (Doc. 1). In February 2019, defendant UC filed a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 7). UC sought dismissal of plaintiff's ADA claims based on its entitlement to Eleventh Amendment sovereign immunity. (*Id.*). Thereafter, plaintiff filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), which allows a party to amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15 (a)(1)(B). In the amended complaint, plaintiff names as defendants UC and Jacinda K. Dariotis, in her official capacity, alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* and the ADA, 42 U.S.C. § 12101, *et seq.* (Doc. 8). Defendants have filed an answer to plaintiff's amended complaint. (Doc. 10). Plaintiff's amended complaint "supersedes the original complaint and is the 'legally operative complaint' in this matter." *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Accordingly, it is **RECOMMENDED** that defendant UC's motion to dismiss (Doc. 7) be **DENIED** as **MOOT**.

Date: 5/31/19

　　　　　　　　　　　　　　　　　　　　　　　　　　Karen L. Litkovitz
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER STANSBURY KOENIG,
Plaintiff,

vs.

UNIVERSITY OF CINCINNATI, et al.,
Defendants.

Case No: 1:18-cv-792
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).