**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JENNIFER STANSBURY KOENIG,

    Plaintiff,                              Case No. 1:18-cv-792

v.                                              Judge Susan J. Dlott

UNIVERSITY OF CINCINNATI, *et. al.*,      Magistrate Judge Litkovitz

    Defendants.

---

**STIPULATED PROTECTIVE ORDER AND ORDER FOR RELEASE OF
DISCOVERABLE MATERIALS OTHERWISE COVERED BY THE PRIVACY
ACT, FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT, AND HEALTH
INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

    The parties expect the disclosure of documents in this case to involve the exchange of sensitive information, including, inter alia, medical information, personally identifying information with respect to students or employees, education records, and other information that may be covered by the Health Insurance Portability and Accountability Act (HIPAA), Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, or other federal or state law. In order to permit discovery, the parties stipulate and agree to, and the Court finds good cause for, entry of a Protective Order and Order for Release of discoverable materials otherwise protected by HIPAA, FERPA or other law pursuant to Federal Rule of Civil Procedure 26(c).

    Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby

**ORDERS** that:

1. **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material As Confidential.** Any party, or any third party subpoenaed by one of the parties, may designate as confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or

2

psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as confidential. The designation of materials as confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

  **5.**  **Form and Timing Of Designation.**

    **a.**  **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    **b.**  **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    **c.**  **Deposition Testimony.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after

receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation.

**6.     Limitation Of Use.**

a.     **General Protections.** All information designated "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action. The Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

b.     **Persons To Whom Confidential Information May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by

the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the

5

    document(s) to anyone; or

  11. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b)(3), 6(b)(4), or 6(b)(11) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

  **7.** **Inadvertent Production.** Inadvertent production of any document or information with the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502 and the Non-Waiver of Privilege or Clawback Agreement and Order signed by Magistrate Judge Litkovitz in this case on September 5, 2019. To the extent that the terms of the Non-Waiver of Privilege or Clawback Agreement and Order and this Stipulated Protective Order are found to conflict, the terms of this Stipulated Protective Order shall prevail. Pursuant to subsections (d) and (e) of Fed. R. Evid, 502, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

  a. the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

  b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

    g.    a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

    h.    nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

    i.    prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

    **8.**    **Filing Materials Containing Information Designated Confidential.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

**9.** **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

**10.** **Excluding Others From Access.** Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information as "Confidential" may exclude from the room any person,

other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

11. **No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

12. **Disputes As To Designations.** Each party has the right to dispute the confidential status claimed by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party

who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials as confidential of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14. **All Trials Open To Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has been designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present

11

such document or information shall provide advance notice to the person or entity that designated the material as Confidential at least (5) **five** days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

15. **No Waiver Of Right To Object By Parties Or Non-Parties.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action. Additionally, nothing in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA, nor shall this Order prevent Defendants from fulfilling the obligations and responsibilities regarding student privacy placed on them by FERPA or regarding other privacy rights addressed by any other laws.

16. **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

17. **No Admissions.** Designation by either party of information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

18. **No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

20. **Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

21. **Return Of Materials Upon Termination Of Litigation.** Upon the written request and expense of the Producing Entity, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective

Order to receive confidential information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

**22.** **Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any information or documents designated in this matter as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**SO ORDERED.**

Dated: 9/21/2020

*Karen L. Lithowy*
U.S. District Judge/U.S. Magistrate Judge

**WE SO STIPULATE and agree to abide by the terms of this Order**

*/s/ George M. Reul, Jr. by A.M. Seidensticker*
*per 9.18.20 email authority*

GEORGE M. REUL, JR. (0069992)
Freking Myers & Ruel LLC
600 Vine Street, 9th Floor
Cincinnati, Ohio 45202
gruel@fmr.law

*Counsel for Plaintiff*

14

**WE SO STIPULATE and agree to abide by the terms of this Order**

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Anna M. Seidensticker*

ANNA M. SEIDENSTICKER (0046761)
*Trial Counsel*
Principal Assistant Attorney General
COLLEEN M. KOEHLER (0090728)
Associate Assistant Attorney General
DEVON J. ALEXANDER (0098814)
Assistant Attorney General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
elsreview@ohioattorneygeneral.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**JENNIFER STANSBURY KOENIG,**

    Plaintiff,                                    Case No. 1:18-cv-792

v.                                              Judge Susan J. Dlott

**UNIVERSITY OF CINCINNATI,** *et. al.*,       Magistrate Judge Litkovitz

    Defendants.

**FORM PROTECTIVE ORDER
ATTACHMENT A**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

2

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____ _____
                                                                Signature